UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Norman H. Schulman, M.D.,
Susan Schulman,

      Plaintiffs,

          v.                              Civil Action No. 2:13-cv-193

Saloon Beverage, Inc. d/b/a
Sirloin Saloon, DWH I, LLC,
Susan Schulze-Claasen,

      Defendants.

## OPINION AND ORDER
(Doc. 15)

On July 3, 2013, Plaintiffs Norman H. Schulman, M.D. and Susan Schulman filed this action against the above-captioned Defendants under Vermont's Dram Shop Act (DSA), 7 V.S.A. § 501, and Vermont common law theories, alleging that Defendants' sale of intoxicating liquor to Mark R. Clarke caused the February 18, 2011 collision between the vehicle that Mr. Clarke was operating and the Plaintiffs' vehicle. (Docs. 1, 13.)[1] Plaintiffs allege that they were severely injured in the head-on collision and seek damages in the amount of $1 million, plus an award of punitive damages as well as interest and costs. (Doc. 13 at 6, 11.)

---

[1] Plaintiffs filed their original Complaint on July 3, 2013. (Doc. 1.) Defendants filed an Answer on August 27, 2013 (Doc. 8), and Plaintiffs filed an Amended Complaint on September 6, 2013 (Doc. 13).

Defendants have filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that Plaintiffs' DSA claim is barred by the two-year statute of limitations set forth at 7 V.S.A. § 501(d) and that Plaintiffs' common-law claims are preempted by the DSA. (Doc. 15.)  All parties have consented to direct assignment to the undersigned Magistrate Judge. (Docs. 2, 3, 7.)  On January 8, 2014, the Court heard oral argument on the Motion.  For the reasons that follow, Defendants' Rule 12(c) Motion is GRANTED IN PART and DENIED IN PART.

## Factual Background and Procedural History

Plaintiffs allege the following facts in their Amended Complaint.  Throughout the day on February 18, 2011, Mark R. Clarke consumed alcohol while on a ski trip with friends at the Sugarbush Ski Resort.  He consumed alcohol while on the ski lifts, and at the conclusion of skiing, he consumed alcohol at a saloon at the base of the ski resort and in the resort parking lot.  He consumed at least one margarita and one more beer at a Mexican restaurant before beginning his trip back to Connecticut.  On his way to Connecticut, Mr. Clarke stopped at the Sirloin Saloon in Manchester, Vermont.  He sat at the bar alone, where he ate and drank three or four more beers.  In the hours leading up to the time he entered the Sirloin Saloon, Mr. Clarke had consumed in excess of 20 beers and at least one margarita.

Mr. Clarke left the Sirloin Saloon, entered his vehicle, and continued driving south on U.S. Route 7.  After traveling for less than ten miles, Mr. Clarke fell asleep behind the wheel of his vehicle, which, while traveling at approximately 55 miles per hour, moved into the northbound lane and collided head-on with Plaintiffs' vehicle.  The collision

2

occurred between 9 and 10 p.m. in the town of Sunderland, Vermont. Plaintiff Susan Schulman was operating the Plaintiffs' northbound vehicle, and her husband Norman Schulman was the passenger. Both Plaintiffs were severely injured as a result of the collision. Both Plaintiffs are citizens of New York.

At all relevant times, Defendants DWH I, LLC ("DWH") and Saloon Beverage, Inc. (Saloon Beverage) conducted business as Sirloin Saloon. DWH was an Idaho limited liability company that owned 100% of the stock of Saloon Beverage. DWH created Saloon Beverage—a Vermont corporation—in order to procure a Vermont liquor license. Defendant Susan Schulze-Claasen, a California resident, was the President and sole owner of both DWH and Saloon Beverage, which she administered and operated as one company.

On April 21, 2011, Saloon Beverage and DWH both filed voluntary petitions under Chapter 11 in the United States Bankruptcy Court, District of Idaho. The petitions were converted to Chapter 7 on April 11, 2012. In September 2012, the Bankruptcy Court issued Orders granting Plaintiffs relief from the automatic stay imposed by 11 U.S.C. § 362(a) to commence action against Saloon Beverage and DWH. On February 8, 2013, Plaintiffs commenced an action in the New York State Supreme Court based upon the same operative facts that form the basis of the present action. (*See* Doc. 20-2.) On June 17, 2013, the New York State Supreme Court dismissed the action based upon the lack of personal jurisdiction over the defendants. In June 2013, the Bankruptcy Court issued Orders closing the bankruptcy cases of Saloon Beverage and DWH. As noted above, Plaintiffs filed the present action in this Court on July 3, 2013.

**Analysis**

**I.     Legal Standard and Applicable Law**

Defendants have moved to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Accordingly, the Court accepts Plaintiffs' factual allegations as true and draws all inferences in their favor. *Id.* However, a claim will be dismissed where it fails to set forth sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the facts on the face of a complaint and related documents are sufficiently clear, resolution of a statute-of-limitations issue is appropriate on a motion to dismiss. *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.*, 318 F.3d 148, 157 (2d Cir. 2003).

Because this is a diversity action, the Vermont Dram Shop Act provides the governing law. *Mercier v. Peterson*, No. 2:95-CV-285, 1996 WL 192921, at *2 & n.1 (D. Vt. Jan. 9, 1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The DSA provides, in pertinent part:

> [A] person who is injured . . . by an intoxicated person, or in consequence of the intoxication of any person, shall have a right of action . . . against any person or persons who have caused in whole or in part such intoxication by selling or furnishing intoxicating liquor: . . .

4

>(2) to a person apparently under the influence of intoxicating liquor; . . .
>
>[or]
>
>(4) to a person whom it would be reasonable to expect would be under the influence of intoxicating liquor as a result of the amount of liquor served by the defendant to that person.

7 V.S.A. § 501(a)(2), (4).  Section 501(d) of the DSA states: "Statute of limitations.  An action to recover for damages under this section shall be commenced within two years after the cause of action accrues, and not after."

Two other Vermont statutes concerning limitation of actions are implicated in this case.  Section 558(a)(2) is one of several tolling provisions that appear in chapter 23 of Title 12, and provides as follows:

>The plaintiff may commence a new action for the same cause within one year after the determination of the original action, when the original action has been commenced within the time limited by any statute of this state, and the action has been determined for any of the following reasons: . . .
>
>(2) Where the action is dismissed for lack of jurisdiction of the subject matter or person, improper venue, or failure to join an indispensable party . . . .

12 V.S.A. § 558(a).  Section 464 of Title 12 states: "The provisions of this chapter [chapter 23] shall not affect an action otherwise specially limited by law."

## II.    The DSA Preempts Plaintiffs' Common-Law Claims

In their Amended Complaint, Plaintiffs specify four causes of action: (1) violation of Vermont's Dram Shop Act, 7 V.S.A. § 501; (2) negligence; (3) negligent hiring or supervision; and (4) gross negligence.  (*See* Doc. 13 at 8–11.)  Defendants assert that Plaintiffs' negligence claims are preempted by the DSA.  (Doc. 15 at 5.)  In their

5

Opposition, Plaintiffs assert that Defendants' Motion "should be denied in its entirety" (Doc. 20 at 6), but at oral argument on January 8, 2014 they conceded that the DSA preempts the common-law claims. *See Rodrigue v. VALCO Enters., Inc.*, 169 Vt. 539, 542, 726 A.2d 61, 64 (1999) (mem.) (noting that the DSA "provides the exclusive remedy for cases falling within its scope, and preempts a cause of action in common law negligence.") (internal quotation marks omitted). All of Plaintiffs' common-law claims are therefore preempted and are DISMISSED.

### III.   Statute of Limitations

Plaintiffs filed this case on July 3, 2013—more than two years after the February 18, 2011 collision. Plaintiffs advance three arguments as to why their claim is not barred under the DSA's two-year statute of limitations. First, they suggest that their cause of action accrued on or after July 3, 2011—or at least that it is impossible at present to conclude otherwise. Second, they argue that the statute of limitations was tolled under 12 V.S.A. § 558. Finally, they assert that they are entitled to equitable tolling.

#### A.   Accrual

In Vermont, the discovery rule applies to the limitations period under the DSA. *Pike v. Chuck's Willoughby Pub, Inc.*, 2006 VT 54, ¶ 17, 904 A.2d 1133, 1138. Thus an action under the DSA does not accrue until the plaintiff discovered or should have discovered both the injury and its cause. *Id.* ¶ 14. Here, Plaintiffs concede that they knew of their injury on the date of the collision, but assert that there are insufficient factual allegations in their Amended Complaint to establish when they learned the identity of the driver who caused the collision, or when they learned that driver had been

6

drinking at Defendants' establishment.  Defendants, however, assert that the Court may take judicial notice of Plaintiffs' submissions in other courts, and that those filings establish that Plaintiffs knew that Mr. Clarke had consumed alcohol at Defendants' establishment by mid-July 2011.

The Court agrees that it may take judicial notice of Plaintiffs' filings in other courts for the purpose Defendants offer them.  Those filings, and the emails attached to them as exhibits, show that in mid-July 2011 Plaintiffs were in contact with DWH's insurer regarding the collision, and so by that time were aware of Defendants' potential liability.  (*See* Docs. 25-1, 25-2.)  However, even assuming that it is proper to take notice of those materials, Plaintiffs' awareness in mid-July 2011 is not sufficient to conclude that their action must necessarily be time-barred.  Indeed, even if Plaintiffs learned on the night of the February 18, 2011 collision that Mr. Clarke had been drinking at the Sirloin Saloon, it would still be necessary to analyze the question of tolling under 12 V.S.A. § 558, since Plaintiffs filed suit against Defendants in New York on February 8, 2013, less than two years from the date of the collision.

Plaintiffs correctly state that it is unclear from the face of the Amended Complaint precisely when their cause of action accrued.  However, the Court is not convinced that Plaintiffs should be rewarded for their own ambiguity on that point.[2]  In any case, to

---

[2] At least in some jurisdictions, a plaintiff seeking to invoke the delayed discovery exception to a statute of limitations must *plead* the requisite facts.  *See Crowe v. Gogineni*, No. 2:11-cv-3438 JAM DAD PS, 2013 WL 6199141, at *4 (E.D. Cal. Nov. 27, 2013) (stating that a plaintiff claiming delayed discovery of facts constituting the cause of action "has the burden of setting forth pleaded facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence") (quoting *Czajkowski v. Haskell & White, LLP*, 144 Cal. Rptr. 3d 522, 528 (Cal. Ct. App. 2012)); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010) (same).

resolve the accrual issue the Court would ordinarily be inclined to convert the Motion into one for summary judgment or to order limited expedited discovery and invite such a motion.  *See Contraco Ltd. v. Fast Search & Transfer Int'l, AS*, No. 12-CV-1930(JS)(ARL), 2013 WL 1149167, at *3 (E.D.N.Y. Mar. 19, 2013) (ordering limited expedited discovery on the issue of timeliness where it was not possible to determine from the pleadings when the cause of action accrued).  In this case, however, that course of action is unnecessary because—for the reasons discussed below—Plaintiffs' cause of action is timely even if the accrual date was as early as the February 18, 2011 collision itself.

      B.     **Statutory Tolling**

The question presented with respect to statutory tolling is whether the tolling provisions of 12 V.S.A. § 558 affect an action limited by 7 V.S.A. § 501(d).  Plaintiffs say that § 558 does apply and tolls the limitations period.  Defendants point to 12 V.S.A. § 464 and argue that § 558 does not apply.  The Court must predict how the Vermont Supreme Court would decide this question of statutory interpretation.  *See Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 200 (2d Cir. 2012).

Defendants maintain that the Vermont Supreme Court in *Pike* has already resolved the issue.  In *Pike*, the plaintiffs sued Chuck's Willoughby Pub, Inc. alleging that on December 4, 2002, the pub overserved a patron who then drove while intoxicated and struck the vehicle in which fourteen-year-old Marijah Pike was a passenger, injuring her.  2006 VT 54, ¶¶ 1–2.  The plaintiffs brought a claim under the DSA.  *Id.* ¶ 1.  They filed their complaint on December 17, 2004.  *Id.* ¶ 2.  The pub moved to dismiss, arguing that

the claim was filed beyond the two-year limitation period in 7 V.S.A. § 501(d). *Id.* ¶ 1. Plaintiffs argued that 12 V.S.A. § 551(a) applied to their DSA claim and that the limitations period did not begin to run until Marijah turned eighteen. *Id.* ¶ 3.[3] The trial court denied the motion, but granted the pub's request to file an interlocutory appeal. *Id.* ¶ 4.

On appeal, the Vermont Supreme Court concluded that the tolling provision of 12 V.S.A. § 551(a) did not apply to the plaintiffs' DSA claim. The Court noted that it would "begin with the plain language of the statute, and, if possible, resolve any questions on this basis alone." *Id.* ¶ 6. The Court put § 551(a) in the context of the limitations provisions contained in chapter 23 of Title 12, noting the general six-year limitations period for civil actions under § 511, exceptions to the six-year rule for certain types of actions, and "a number of tolling provisions," including § 551(a). *Id.* ¶ 7.

Examining the language of § 551(a), the Court observed that the phrase "within the times in this chapter respectively limited" could reasonably be read "as restricting the statute's applicability to causes of action with limitations periods set forth in chapter 23," and that that view was "reinforced by the statute's applicability to 'an action specified in this chapter.'" *Id.* ¶ 8. The Court also acknowledged Plaintiffs' argument that, even though the DSA "otherwise provide[s]" a limitations period, a DSA claim is a "civil action" that is brought within the scope of chapter 23 by 12 V.S.A. § 511. *Id.*

---

[3] Section 551(a) is a minority tolling provision that states: "When a person entitled to bring an action specified in this chapter is a minor, insane or imprisoned at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed."

9

The Court then remarked that "[t]o the extent plaintiffs' argument creates any ambiguity in interpreting the plain language of § 551(a), that ambiguity is eliminated by 12 V.S.A. § 464, which is also located in chapter 23." *Id.* ¶ 9.  According to the *Pike* Court: "The limitations period for the DSA, codified in Title 7, is 'otherwise specially limited' and therefore unaffected by § 551(a) *or any tolling provision contained in chapter 23*." *Id.* (emphasis added).  That view, according to the Court, was endorsed in *Parent v. Beeman*, 138 Vt. 607, 420 A.2d 866 (1980), a wrongful-death case in which the Court concluded that the tolling provision in 12 V.S.A. § 557(a) was not available to toll the two-year limitations period under the wrongful death statute, both because of the language of the tolling provision itself, and by operation of § 464.  *Pike*, 2006 VT 54 ¶¶ 9–10.  The *Pike* Court concluded that the reasoning in *Parent* controlled, and held that, "[b]ecause the DSA contains its own limitations provision and is not codified in chapter 23, an action under the statute is 'otherwise specially limited' and removed from the operation of the minority tolling provision by § 464." *Id.* ¶ 11.

The *Pike* Court's statement that the DSA's two-year limitations period is unaffected by "any tolling provision contained in chapter 23" is dictum because it was broader than necessary; resolution of the case turned only on the conclusion that the DSA's limitations period was unaffected by § 551(a).  *See Baraket v. Holder*, 632 F.3d 56, 59 (2d Cir. 2011) (per curiam) (noting that what distinguishes holding from dictum is "whether resolution of the question is necessary for the decision of the case"); *Roy v. Woodstock Cmty. Trust, Inc.*, 2013 VT 100, ¶ 63 n.11, *available at* http://info.libraries.vermont.gov/supct/current/op2011-265.html (broad language in

earlier decisions was non-binding dicta); *In re Pilgrim P'ship*, 153 Vt. 594, 598, 572 A.2d 909, 911 (1990) (language that was "not necessary" to Environmental Board's decision was dicta). Notably, nothing in *Pike* required analysis of 12 V.S.A. § 558, and the *Pike* Court did not cite that statute anywhere in its opinion. Of course, the fact that the *Pike* Court's statement is dictum does not necessarily mean that it is incorrect, but it does mean that more analysis is necessary.

Two Vermont cases suggest that it would be error to take the dictum in *Pike* at face value. In *Rodrigue*, the plaintiff argued that the limitations period on his DSA claim was tolled by 12 V.S.A. § 555 and that summary judgment should not have been granted to the defendants.[4] *Rodrigue*, 169 Vt. at 542, 726 A.2d at 64. The Supreme Court rejected that argument, but the Court's rationale was not that § 464 was a barrier to § 555's applicability. Instead, the Court concluded that fraudulent concealment did not prevent the plaintiff from timely bringing his DSA action. *Id.*

Similarly, in *Merrill v. Reville*—a wrongful-death case in which 14 V.S.A. § 1492 supplied the limitations period—the Supreme Court upheld a jury verdict for the defendant finding that the defendant had not concealed facts relating to the probable cause of death. 135 Vt. 517, 518–19, 380 A.2d 96, 97 (1977). The Court specifically stated that "[i]n the absence of fraudulent concealment, plaintiff's cause of action is

---

[4] Section 555 is a tolling provision in chapter 23 and provides as follows:

When a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies, the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof.

11

necessarily barred." *Id.* at 521, 380 A.2d at 99.  The Court did not hint that § 464 might obviate the entire exercise of having a jury decide whether there was fraudulent concealment under § 555.  Of course, the fact that the Supreme Court did not rely on § 464 in *Rodrigue* or *Merrill* does not necessarily mean that § 464 could not have been an alternative rationale.  But the absence of any mention of § 464 in those cases at least suggests that a more searching inquiry is necessary.[5]

Turning to the plain language of 12 V.S.A. § 558, it is immediately evident that the analysis is different than in either *Pike* or *Parent*.  In both of those cases, the tolling provisions at issue contained language constraining their application to limitations periods provided by chapter 23 of Title 12.  Section 558, by contrast, applies "when the original action has been commenced within the time limited *by any statute of this state*."  12 V.S.A. § 558(a) (emphasis added).  The plain language of that provision therefore suggests that it would apply where, as here, an original action was commenced within the time limited by 7 V.S.A. § 501(d).

Section 464, however, introduces some ambiguity, since by its plain terms, the provisions of chapter 23—arguably including § 558—"shall not affect an action otherwise specially limited by law."  12 V.S.A. § 464.  Faced with such ambiguity, the Court "discern[s] legislative intent by considering the statute as a whole, reading integral parts of the statutory scheme together."  *Heffernan v. Harbeson*, 2004 VT 98, ¶ 7, 861 A.2d 1149, 1152.  In considering the relevant parts of chapter 23, the Court notes that

---

[5] *Aube v. O'Brien*, 140 Vt. 1, 433 A.3d 298 (1981), is not particularly instructive because the action in that case was not "otherwise specially limited by law," but was limited by 12 V.S.A. § 512(5)— a limitations provision within chapter 23 itself.

12

"specific provisions generally trump more general ones." *In re Clifford*, 2012 VT 95, ¶ 9, 71 A.3d 1120, 1122 (internal quotation marks omitted); *see also Smith v. Desautels*, 2008 VT 17, ¶ 17, 953 A.2d 620 ("[W]here two statutes deal with the same subject matter, and one is general and the other specific, the more specific statute controls.") (quoting *Town of Brattleboro v. Garfield*, 2006 VT 56, ¶ 10, 904 A.2d 1157); *Jakeway v. Siva*, No. 481-7-11 Rdcv at 3 (Vt. Super. Ct. July 2, 2012) (Teachout, J.), *available at* https://www.vermontjudiciary.org/20112015%20Tcdecisioncvl/2012-9-5-12.pdf (holding that the more specific provisions of 12 V.S.A. § 557(a) controlled over the general provision of 12 V.S.A. § 521).

Here, the general statement in § 464 is trumped by the more specific provisions of § 558. Section 464 is a general rule limiting the provisions of chapter 23 to actions that are not "otherwise specially limited by law."[6] But § 558 is a specific exception. It applies not only when an original action was commenced within the time limited by any of the provisions in chapter 23, but also when that action was commenced within the time limited by *any* Vermont statute. In other words, § 558—by its own terms—necessarily affects actions that are specially limited by law. The specific circumstances encompassed in § 558 trump the more general provision of § 464. That conclusion is consistent with the general rule that "statutes of limitations are remedial and should be construed liberally." *Leno v. Meunier*, 125 Vt. 30, 33, 209 A.2d 485, 488 (1965).

---

[6] That § 464 is a "general" provision is perhaps reinforced by the fact that it appears in chapter 23, subchapter 1—aptly named "Generally."

The Vermont Superior Court's decision in *Jakeway*—cited by Defendants at oral argument—does not suggest a contrary result.  Defendants argue that *Jakeway* supports their position because it recognizes a distinction between limitations provisions codified within chapter 23 of Title 12 and limitations provisions that appear elsewhere.  The court in that case did state that the "most natural and consistent reading of these provisions is that tolling is not allowed on the basis of a conflict with a statutory provision contained outside of Title 12, Chapter 23, but that tolling is allowed when the conflict is with a provision contained within Title 12, Chapter 23."  *Jakeway*, No. 481-7-11 Rdcv at 2.  But the *Jakeway* court did not analyze § 558, and the court's statement was in the context of explaining that § 464 did not impact either 12 V.S.A. §§ 521 or 557(a) because the latter provisions both appear *within* chapter 23.  To the extent that the *Jakeway* court suggested that § 464 might nullify all of chapter 23's tolling provisions for actions "otherwise specially limited by law," such a statement would be dictum.  The necessary conclusion in *Jakeway* was that § 464 did *not* apply because the cause of action at issue was not "otherwise specially limited by law."

For all these reasons, the Court concludes that § 558 applies, and that under § 558(a)(2) Plaintiffs' action in this Court is timely.  Plaintiffs' New York case was commenced less than two years from the date of the collision, and this case was commenced within one year from the date the New York court dismissed the case for lack of jurisdiction.  Because the Court reaches its conclusion by examining the plain language of § 558 and with reference to well-established rules of statutory interpretation, the Court need not resort to an examination of the legislative history underlying § 558.

### C. Equitable Tolling

Even if Plaintiffs were not entitled to statutory tolling, the Court concludes that they are nevertheless entitled to equitable tolling. Vermont recognizes the doctrine of equitable tolling, which applies "either where the defendant is shown to have actively misled or prevented the plaintiff in some extraordinary way from discovering the facts essential to the filing of a timely lawsuit, or where the plaintiff has timely raised the same claim in the wrong forum." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 11, 987 A.2d 258, 264 (mem.). Plaintiffs contend that they did in fact timely raise the same claim that they are pursuing in this action in New York and have at all times exercised due diligence. Defendants contend that Plaintiffs' failure to timely file in Vermont was due to Plaintiffs' own legal maneuvering.[7]

The reason why Plaintiffs filed their claim in New York might be relevant in an equitable analysis, but the Court concludes that in this case there is no cause to deny equitable tolling. In the earlier New York action, Plaintiffs had argued that Defendants did business in New York via their alter ego; the New York Supreme Court did not find that argument "compelling," (Doc. 20-3 at 3), but Plaintiffs had a nonfrivolous basis for arguing in favor of jurisdiction. There is no indication that Plaintiffs engaged in the sort of legal maneuvering that would support a conclusion that they had failed to pursue their claim diligently. *Cf. In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (equitable tolling not appropriate where party seeking its application filed dilatory motions and

---

[7] In their Reply, Defendants also suggest that the claim in this case is technically not the same claim that Plaintiffs raised in New York because the New York action was under New York's laws. (*See* Doc. 25 at 8 n.3.) At oral argument, Defendants conceded that this is the same claim.

15

pursued unwise "volume strategy"). Neither did Plaintiffs neglect their case—they were wrong about jurisdiction in New York, but there was no neglect. *Cf. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect"). Nor was Plaintiffs' attempt to seek relief in New York the sort of attorney "mistake" that precludes equitable tolling. *Cf. Senecal v. B.G. Lenders Serv., LLC*, No. 1:12-CV-0487, 2013 WL 5463400, at *9 (N.D.N.Y. Sept. 30, 2013) (plaintiff's counsel failed to name her client's co-employer in charge to the EEOC, even though counsel could have obtained co-employer's identity).

## **Conclusion**

Defendants' Motion for Judgment on the Pleadings (Doc. 15) is GRANTED IN PART and DENIED IN PART. Plaintiffs' common-law claims are preempted by Vermont's Dram Shop Act and are therefore DISMISSED. Plaintiffs' Dram Shop Act claim is not time-barred, and therefore remains in the case.

Dated at Burlington, in the District of Vermont, this 14th day of January, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge